IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| STATE OF GEORGIA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WILHY HARPO,<br><br>　　　　　　Defendant. | 1:16-cv-4069-WSD<br><br>1:16-cv-2955-WSD |

**OPINION AND ORDER**

This matter is before the Court on the required frivolity reviews of Defendant Wilhy Harpo's ("Defendant") notices of removal filed in civil action numbers 1:16-cv-2955 ("August Action") and 1:16-cv-4069 ("October Action").

**I.　BACKGROUND**

These are the latest in a series of actions filed in this Court by Mr. Harpo. The Court has remanded each previous case for lack of subject matter jurisdiction or dismissed it as frivolous. See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4). Because Plaintiff is a frequent filer of frivolous lawsuits, the Court has previously ordered him "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See, e.g.,

Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).  It appears Plaintiff has complied with that requirement in filing these actions.

On July 2, 2016, Mr. Harpo was arrested in the Fulton County courthouse and charged with willful obstruction of law enforcement officers by use of threats or violence, in violation of O.C.G.A. § 16-10-24(b), disorderly conduct, in violation of O.C.G.A. § 16-11-39, and criminal trespass, in violation of O.C.G.A. § 16-7-21.  (See August Action, [1.2] at 6).

On August 12, 2016, Harpo filed in this Court his "Petition for Removal" [1.1] in the August Action, and, on October 31, 2016, he filed his "Petition for Removal" [1.1] in the October Action.  In each petition, Harpo seeks to remove to this Court the state criminal action against him.  Harpo alleges he is "an indigenous sovereign national belong to the Ancient Nation of Israel[,]" that he cannot receive a fair trial because of "the presence of fundamental actual active bias and pervasive extra-judicial prejudice against Harpo by the judges of the state courts in FULTON COUNTY on account of Harpo's race as a Negro and Defendants [sic] procedural

standing as a litigant in proper person." (October Action, [1.1] at 2). He claims the state court criminal proceeding "violates the treaties had been [sic] the Cherokee Nation to which Defendant belongs; the Geneva Convention; Uniform Commercial Code; and other international agreements . . . ." (Id. at 3).

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

B.  Analysis

Under Chapter 89 of Title 28, certain state criminal prosecutions may be removed to federal district court.  28 U.S.C. §§ 1443, 1455.  Removal is allowed for a criminal prosecution commenced in State court "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]"  28 U.S.C. § 1443(1).  Under § 1443(1), a removal petition "must satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975); see also Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009);

Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001).  First, a petitioner must show the deprivation of a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Johnson, 421 U.S. at 219 (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  Second, the deprivation generally must "be manifest in a formal expression of state law."  Id. at 219-20 (quoting Rachel, 384 U.S. at 803) (internal quotation marks omitted) (giving as an example a trespassing law that made it a crime for an African American to exercise his right to seek service in a public restaurant). Thus, Section 1443 protects against state prosecution for exercising a federal civil right to racial equality.  Rachel, 384 U.S. at 792-93.  The removing party carries the burden of showing that removal under Section 1443 is proper.  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.").  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4).

Beyond conclusory assertions of racial bias, Harpo does not allege that he is being prosecuted for exercising a federally protected civil right to racial equality or that a formal expression of state law has deprived him of a federally protected right

to racial equality.  Accordingly, removal of the Georgia criminal action against Harpo is not permitted.  The Court lacks any other basis for jurisdiction, and this action is remanded pursuant to 28 U.S.C. § 1455(b)(4).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that civil action numbers 1:16-cv-2955 and 1:16-cv-4069 are **REMANDED** to the Fulton County Superior Court.

**SO ORDERED** this 3rd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE